Thank you, Your Honor. My name is Robert Rainwater. I'm here on behalf of the appellant, David Michael Decker. I would like to start out by saying that we're here for one issue. The issue the court remanded this case back to the district court on was whether the trial court's jury instructions on intent were sufficient. I think they clearly were not. The respondent appellate in their brief, appellee in their brief, misstate the issue. They want to go back and re-litigate it whether claim 1c. What's insufficient about the jury instruction when it says that the intent has to be shown beyond a reasonable doubt at the time of entry or when the unlawful possession commences? The problem is, just before that, the court instructed the jury that the revocation of consent. Therefore, allowing the jury to buy the government, the state's theory, which was merely committing an assault is an unlawful remaining and constitutes a burglary. That is not the law of Oregon. No, but once the license to remain on Jones' property was revoked by Jones saying you should leave, and there's no disputes to that, then they remained unlawfully on the property. Is it not? Yes. And that is an element of burglary. Well, they have to have the intent to commit the crime when they remain unlawfully. And even the state, even the respondent concedes he had no intent. On page 3 of their brief at that time, he had no idea. I don't think there was any evidence as to a mind-reading machine as to both the defendants, the instant that Jones said you'll have to leave. That's true. On the other hand, when a burglar breaks into a house and steals a computer, the jury can certainly conclude that he intended to steal when he broke in the house by the fact that he took the computer. And here, what the jury has sufficient evidence to conclude that when these men were told to leave, they had the intent to assault Jones, because they did immediately afterwards. I simply don't understand that argument. You have to have the intent at the time you remain unlawfully, and there is no evidence in this case that... But that is evidence. There is evidence from which a jury can conclude that if they beat him up seconds after they were told to leave, they had the intent to beat him up then. That's not correct. They, the court is using the word they. Mr. Starrett attacked him then. Yes. Some time later, a while later, then Mr. Decker threw a bottle. After saying, now it's my turn. Well, that was long after the remaining. Was there anything in the record to show how long of a time period? I mean, it does appear that the state agrees that at the time that they were asked, the defendant or the petitioner here and his co-defendant were asked to leave. Seems like the state says at the page in the record where you point to that there was no evidence of intent at that point to commit the assault. How much later in time did the assault occur? Does the record reflect? Well, I mean, the evidence is that Mr. Starrett proceeded to assault him by swinging the lamp at him several times and hitting him on the head. So I don't... How much time after he was told to leave? Pardon? How much time after he was told to leave by Mr. Jones? I don't know how much time. It's not in the record, but we do know that it took some time for Mr. Starrett to attack him. And some time occurred before then Mr. Decker apparently joined in. What should the instruction have said? What should have been specifically requested in your view? What Oregon law provides, and that is that the intent must exist at the time of the unlawful remaining. And the district court found the unlawful remaining was when Mr. Jones told them to leave. So the intent had to exist then. And by allowing the jury to find some implied intent just merely by assault, that's not Oregon law. That's incorrect. And that misled the jury. And the jury should have been correctly instructed that Oregon law requires since 1970, when the statute was enacted and you read the legislative history which the cases rely on, that it requires the intent at the time the entry was revoked. And if the jury had been properly instructed, the state's argument would have been rejected because it was incorrect. Pardon me. Do you... There has to be direct evidence of an intent to assault at the time the license is withdrawn. That would require the defendant to say, now that you've told me to leave, I want to hit you. No. Nothing else would do, right? No. What else would do? Don't... You talk about implied. Let's talk about circumstantial evidence. Isn't the evidence that he hit him that he had the intent to hit him? At a later time than when he was permission was revoked? Yes. Can't a jury reasonably find that if he hit him at a later time, he had the intent when he was told to leave? Well, there's no evidence that he had the intent at that time. And I don't know how... The bleeding head is evidence. There's no evidence it was in his head at that time. Clearly no evidence. He had no idea. And the respondent concedes that in their brief at page three. There's no evidence whatsoever. There's no direct evidence of any statement by Defendant Decker that he intended to assault Jones at the moment that Jones said, you have to leave. Yes. Yes. Yes. Then you should have gotten a Rule 29 acquittal. He should have. Yes. If his attorney knew what he was doing and asked for the correct instructions and provided the correct law. Yes. Well, I think there's two different things going on here. On the one hand, you can say there was not, there's insufficient evidence. But I thought this case was all about that the instruction wasn't proper. I think the instruction... Yes. The instruction, that's correct. The instruction was improper because the instruction allowed the jury to just find a assault commits constitutes a burglary. And Oregon case law says that's wrong. But tell us where in the instruction they actually said what you just said. I don't read the instruction that way. The instruction says... And what page are you reading? Pardon? In the excerpt of record, what page? I have it, but the instruction says that a unlawful remaining can be implied by conduct. And therefore, and that's shortly before then it gives the burglary instruction. Okay. And then, you know, that allows the State to argue that just committing an assault, which they did, is burglary. And that's incorrect. But on, I'm looking at excerpts of record 236, the instruction was it goes through the burglary elements and it says, fifth, at the time of entering or remaining unlawfully, David Decker had the intent to commit the crime of assault therein. Yes. And just before that, a couple paragraphs before that, the Court instructed the jury that remaining unlawfully can be implied when you commit a, be implied by your actions, your conduct. In other words, committing an assault constitutes remaining unlawfully, which is not correct. And therefore, reading those two together, the jury was allowed, wasn't told that it has to be at the time you unlawfully remained, which was when your permission was revoked, not impliedly by committing an assault. That's clearly not the law of Oregon. I wanted to ask you about the procedural default. And do you have any case law on addressing the procedural default at issue here? Well, I don't think, I don't think that's an issue here. I think that's the law of the case. This Court remanded solely on the issue of whether the instructions were correct. I can only interpret that as this Court previously found that the claim was proper and the issue is solely whether the instructions were wrong. And therefore, if the instructions were wrong. Let's just assume for a moment that you might, there might be merit to your argument regarding the merits. There's still a procedural default issue. And that the district court found that under Ryan v. Martinez, that counsel was ineffective and that eschews the procedural default. And I think this Court found the same when it remanded. But that was not argued on appeal. Yes, it was. I don't believe it was. But if you tell me where it was. On the original appeal? Yeah, that's what I'm trying to figure out. Yes. Argued in the original appeal? Yes. Argued in this appeal? It was argued in the original appeal. And was it argued in this appeal? No, because the only issue it was remanded on was whether the jury instructions were correct. And I'm assuming that when the Court made that ruling, it found that it didn't take issue with those other issues that we had raised in the first appeal. But, I mean, obviously, the Court can read it any way they want. Actually, the issue that was remanded on, this is a habeas case, whether there was ineffective assistance of counsel in failing to ask for a pinpoint instruction as to the timing of the intent. No. Well, if you read the opinion, it says, re-reverse, the District Court has claimed 1B and 1F, and remanded claim 1C for the District Court to determine in the first instance whether the further instructions given by the Oregon trial court to the jury were sufficient or insufficient concerning the intent to commit burglary under Oregon law. And that's the sole issue remanded on. OK. Thank you. Thank you. Thank you. May it please the Court, Panesh Shah on behalf of the Superintendent, we ask the Court to affirm the District Court's denial of habeas relief. The issue that's before this Court is whether or not the instruction on the intent element of burglary was accurate and sufficient. In our view, it was. It was accurate because it was consistent with the statute defining the offense. It was sufficient because it was a verbatim reproduction of the accepted uniform criminal jury instruction that is commonly used in Oregon. You know, I agreed with you the first time around. So now, why don't you address Mr. Radenwater's point that there has to be an instruction as to the exact moment when the intent is formed? I read the instruction as asking for that. When I read the instruction, it says that. And then do you admit, he cited page three of your brief, do you admit that there's no evidence at all as to what the intent was as to Mr. Decker at the moment when his license was withdrawn? What we said at page three of our brief was that there was no direct evidence, which is to say, as your Honor pointed out, there was no evidence of the defendant or petitioner saying, I intend this or any of my reading evidence. But that doesn't mean that there was no. In your brief, you say that there was no evidence produced at trial, at least the way I read it. I'll have to go back and see if you say direct evidence. But it seemed to say there was no evidence produced at trial that would tend to prove Mr. Decker formulated the intent to commit assault at the time Mr. Jones verbally asked Decker and Starwood to leave his apartment. And it seems clear under Oregon law, or at least I want to ask you, that Oregon law does require that the permission to remain needs to be revoked or is revoked, that the intent has to be formed at the time that that was revoked. That seems like what Oregon law says. That was what this Court said Oregon law says the last time around. We disputed that issue. I don't want to rehash necessarily what's... I'm a little late to the game, but I just want to make sure I understand, because it seems like that's what Oregon law says. The problem here, from what I can tell at this point, but I want to give you an opportunity to set me straight, is the States further compounded this problem when it argued during closing that Mr. Jones impliedly revoked permission for Decker to remain in the apartment when Mr. Decker committed the assault, and that therefore the intent was contemporaneous with the unlawful remaining. Now that is an inaccurate statement of the law, is it not? It is inaccurate in light of developments of the law that occurred after trial, yes, Your Honor. Well, but that was still the law at that time. In our view, as we explained in the brief the first time on appeal, the Oregon law remains somewhat confused on this issue. It was very confusing in 2006 at the time of trial. In fact, the precedents on point, the factually analogous precedents on point seem contrary to petitioner's position of what Oregon law requires. Well, I mean, doesn't Berndt and State of Warner reject the State's argument? I know one of those, at least, was later. If a person enters a building lawfully but then engages in unauthorized conduct in the building, the person is guilty of the burglary. They've been pretty clear about that in clarifying what the law is. Is that right? Correct on that issue. Those cases both post-date the trial and post-conviction proceedings. And it's important that that is a separate issue from the one that petitioner raised in his brief. In our view, the question of whether intent needs to coincide with the unlawful remaining is a separate question from what kind of conduct can constitute unlawful remaining. And in my view, those cases only answer the latter question. But it seems here what is at issue is whether the intent was contemporaneous at the time that the authorization to remain was rescinded or revoked. And that law, from my view of what was presented, I'm not sure a jury had a clear understanding of that. Tell me how you think the jury had a clear understanding of that. I think the jury was clearly instructed as to when the intent needs to be formed. How is that? Where? Point that to where they were. It was from what I recall, it was that the intent had to be formed, that it was unlawful, it was surrounded in the term unlawful. But I'm not sure that that was ever determined for the jury what that meant. So, again, I'd like to keep these two issues separate, if I may. So the jury was instructed that, and this is at volume 2, page 36 of the excerpt of the record, that at the time of entering or remaining unlawfully, David Decker had the intent to commit the crime of assault therein. That clearly informs the jury of when the intent needs to occur. There was a separate problem about when an unlawful remaining commenced, whether Mr. Decker's failure to honor the request to leave or his assault itself could constitute an unlawful remaining, whether that conduct was the one that needs to coincide with the intent. But to me, that's a separate issue. But merely stating that the intent must be formed at the time of unlawful remaining, I'm not sure is sufficient if the jury was under a misunderstanding of when the unlawful remaining occurred. What's your response to that? So I think my response is, if the claim is the trial counsel failed to ensure that the unlawful remaining occurred on the question of intent, then you would need to raise a different claim to say the jury was not properly instructed as to what conduct constitutes unlawful remaining. To me, those are separate issues. They're related. Well, it seems we have, and we have case law, it seems like this is what the issue is that was preserved in at least 11C, which is before us right now, or 1C, I'm sorry, 1C. 1C and 1F seem to be very interrelated to me, those two claims. I'm not quite sure how they got separated, but they got separated, and what we have before us now is 1C. And the whole issue was whether or not the lawyer, the trial lawyer was deficient in not adequately requesting an instruction that would have clarified the contemporaneous nature of the intent that needed to be formed at the time by the petitioner, you know, in this underlying offense. So why wasn't the trial counsel deficient? Even if trial counsel, the trial counsel wasn't deficient because, as this Court held, trial counsel reasonably didn't pursue a defense theory based on intent. Trial counsel reasonably chose, as a tactical matter, to focus on the affirmative defense, and then we have also this procedural default, which is to say that post-conviction counsel also didn't perform unreasonably. But let's say that was incorrect on the affirmative defense being, is there any reason that we have to still maintain that that is true, that the pursuing of the affirmative defense was a reasonable trial strategy? It seems, after looking at the affidavit of trial counsel, it's not clear that trial counsel had an understanding of what burglary and the elements of burglary meant. I don't know if you saw trial counsel's affidavit and read it differently, but I couldn't make sense of what he said and why he didn't pursue it. It seems like our case law requires that that be an informed decision where he rejects, where if he doesn't or is able, not able to show that he rejected a successful, let alone an adequate defense, that that may be problematic. So to answer your initial question, Your Honor, I think this Court is bound by its holding in the previous appeal where it said that trial counsel performed reasonably in choosing. Why is that? I think that's law of the case. I think the Petitioner petitioned for cert on the ---- And is that law of the case when the prior decision was a memorandum disposition? I'm not aware of any reason why it wouldn't be. I think if I'm not mistaken ---- Give me your best case on that. I don't have a case, but my understanding of the Federal Rules of Appellate procedure that say, that discuss the nature of unpublished decisions, I think that the exception, we're not allowed to cite them for precedential value, but I think it does leave an opening to cite them for law of the case. That's my understanding of the rule. Thank you very much. Thank you, Your Honor. I'd like to use a couple of minutes for rebuttal, sir. Okay. Thank you very much. The case of Decker v. Person will be submitted, and the Court thanks counsel for their very illuminating presentation. Thank you very much. Court is adjourned. If you will sit quietly for just a second while we confer about this case, we'll be right back to talk to you. Okay? All rise. Here be, here be, all persons having had business with the Honorable United States Court of Appeals of the Ninth Circuit, will now depart. For this Court, for this session, now stands adjourned.
judges: Bea, Murguia, Owens